# IN THE COURT OF APPEALS OF IOWA

No. 16-1102
Filed March 22, 2017

**STANLEY D. RODAMAKER,**
　　　　Plaintiff/Counterclaim Defendant-Appellee,

**vs.**

**ELAINE K. BIERMANN, f/k/a ELAINE K. WESTEMEIER**
**and KURT BIERMANN,**
　　　　Defendants/Counterclaim Plaintiffs-Appellants.
_____

　　　　Appeal from the Iowa District Court for Clayton County, David P. Odekirk, Judge.


　　　　Appellants appeal the district court decision finding plaintiff had established title to certain property through adverse possession and boundary by acquiescence.  **AFFIRMED.**


　　　　Hillary J. Friedmann of Friedmann Law Office, Guttenberg, for appellants.

　　　　Christopher C. Fry of O'Connor & Thomas, P.C., Dubuque, for appellee.


　　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Elaine and Kurt Biermann appeal the district court decision finding Stanley Rodamaker had established title to certain property through adverse possession and boundary by acquiescence. We find the district court properly determined Rodamaker had established a right to the property in question under a theory of adverse possession. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Rodamaker and the Biermanns own adjacent property in rural Clayton County, with the Biermanns' property to the north of Rodamaker's property. Rodamaker lives in a house on his property, while the Biermanns' property is unimproved. On February 5, 2013, Rodamaker filed a petition alleging he had acquired title to a disputed area between the two properties under theories of adverse possession and boundary by acquiescence. The Biermanns denied Rodamaker's claims and raised counterclaims asking to be confirmed as the owner of the property in dispute and seeking damages against Rodamaker for trespass.

At the trial, Rodamaker presented evidence to show a fence had been treated as the boundary between the properties for more than thirty years, although the fence did not represent the actual property line. The actual property line was about one and one-half feet north of Rodamaker's house. Rodamaker maintained an area about twenty-feet wide north of the house, which was between his house and the fence, by mowing, keeping back trees, spraying for weeds, and planting flowers.

David Boardman testified he previously owned the Rodamaker property. He stated he was told the fence was the boundary line when he purchased the property. David stated Elaine Biermann approached him about using part of the disputed area as a driveway to her property but he denied her request. Denise Boardman purchased the property from David Boardman and built the house. Denise obtained a variance from the Clayton County Planning and Zoning Commission to build the house closer to the west property line but stated she believed there was twenty feet between the house and the north property line so she did not think she needed a variance on the north side. Denise also stated Elaine asked her about putting a driveway over the disputed area and Denise rejected the proposal.

Elaine Biermann testified when she purchased the property forty years earlier she was informed the fence was not the property line and the fence was present to keep the former owner's sheep penned in. Elaine stated she was aware Rodamaker was maintaining the disputed area north of his house. Jerry Handke testified his father, who had previously owned the Biermanns' property, put in a fence for sheep, but Handke was unaware of the exact location of the fence.

The district court determined Rodamaker had established title to the disputed area under theories of adverse possession and boundary by acquiescence. The court denied the Biermanns' counterclaims. The Biermanns now appeal the decision of the district court.

## II. Standard of Review

This case was tried in equity, and our review is de novo. *See* Iowa R. App. P. 6.904. "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g).

## III. Discussion

The Biermanns claim Rodamaker did not establish color of title or claim of right to the property. They state it was not sufficient for Rodamaker to mow the grass or remove trees from the property. They also claim Rodamaker did not maintain the property for a sufficient period of time to obtain title by adverse possession.

"A party claiming title by adverse possession must establish hostile, actual, open, exclusive and continuous possession, under claim of right or color of title for at least ten years." *C.H. Moore Trust Estate v. City of Storm Lake,* 423 N.W.2d 13, 15 (Iowa 1988); *Louisa Cty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 207 (Iowa Ct. App. 2009). We strictly construe the doctrine of adverse possession because the law presumes possession is under the regular title. *Mitchell v. Daniels,* 509 N.W.2d 497, 499 (Iowa Ct. App. 1993). A plaintiff has the burden to show all the elements of adverse possession by clear and positive proof. *Carpenter v. Ruperto,* 315 N.W.2d 782, 784 (Iowa 1982).

We have previously stated, "[a] claim of right is evidenced by taking and maintaining property, such as an owner of that type of property would, to the exclusion of the true owner; in other words, the plaintiff's conduct must clearly

indicate ownership." *Louisa Cty. Conservation Bd.*, 778 N.W.2d at 207. "Acts of ownership including occupying, maintaining, and improving land." *Id.*

The district court stated, "The Court finds clear and positive evidence Mr. Rodamaker and his grantors openly took and maintained exclusive possession of the disputed area by claim of right for a continuous period greater than 10 years in a manner hostile to any claim by Ms. Biermann or her grantors." We agree with the district court's conclusion. There is clear and positive evidence in the record to show Rodamaker actually, openly, and exclusively possessed the disputed area continuously for a period greater than ten years in a manner hostile to the title of the Biermanns. Rodamaker took steps to occupy, maintain, and improve the land by mowing, cutting back trees, spraying for weeds, and planting flowers. For more than thirty years, the Biermanns did not take any steps to assert their interest in the property. We affirm the decision of the district court finding Rodamaker established title to the property under a theory of adverse possession.

Because we have affirmed the decision of the district court under a theory of adverse possession, we do not address the separate theory of boundary by acquiescence.

**AFFIRMED**.